# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| CARRINGTON MORTGAGE SERVICES, LLC<br><br>Plaintiff,<br><br>v.<br><br>TAPESTRY AT TOWN CENTER HOMEOWNERS ASSOCIATION;<br>TERRA WEST COLLECTIONS GROUP LLC;<br>SFR INVESTMENTS POOL 1, LLC<br><br>Defendants. | Case No. 2:17-cv-01047-RFB-BNW<br><br>**ORDER** |

## I. INTRODUCTION

Before the Court are Plaintiff Carrington Mortgage Services's ("Carrington") Motion for Partial Reconsideration and Defendant SFR Investments Pool 1, LLC's ("SFR") Countermotion for Reconsideration. ECF Nos. 77, 79. For the following reasons, the Court denies both motions.

## II. PROCEDURAL BACKGROUND

Carrington filed its lawsuit on April 13, 2017. ECF No. 1. The complaint sought declaratory relief that a nonjudicial foreclosure sale conducted under Chapter 116 of the Nevada Revised Statues ("NRS") did not extinguish its deed of trust on a Las Vegas property. Id. On March 31, 2019, the Court issued an order granting Carrington Mortgage Services, LLC's Motion for Summary Judgment in part on the grounds that Carrington's predecessor-in-interest's tender preserved its deed of trust. ECF No. 69. The order also granted SFR's motion for summary judgment in part and denied it in part. Id. Defendant SFR appealed the order on April 30, 2019.

ECF No. 79. SFR voluntarily dismissed the appeal on May 13, 2019. ECF No. 74. Carrington moved for partial reconsideration on May 24, 2019. ECF No. 77. SFR responded and Carrington replied. ECF Nos. 78, 85. SFR filed a countermotion for reconsideration of the Court's order on June 7, 2019. ECF No. 79. Defendant Tapestry at Town Center Homeowners Association joined the motion. ECF No. 81. Carrington responded, and SFR replied. ECF Nos. 86, 87.

### III.  LEGAL STANDARD

Rule 59(e) of the Federal Rules of Civil Procedure allows parties to move to alter or amend a judgment within twenty-eight days of entry of the judgment.[1] Fed. R. Civ. P. 59(e). Rule 60 of the Federal Rules of Civil Procedure also allows the Court to correct clerical mistakes or a mistake arising from oversight or omission whenever one is found, sua sponte, or on a party's motion, and to relieve parties from a final judgment "for any other reason that justifies relief.". Fed. R. Civ. P. 60(a); (b)(6). "Whether or not to grant reconsideration is committed to the sound discretion of the court." Navajo Nation v. Confederated Tribes and Bands of the Yakama Indian Nation, 331 F.3d 1041, 1046 (9th Cir. 2003). However, "a motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co., 571 F.3d 873, 880 (9th Cir. 2009) (internal quotation and citation omitted). A motion for reconsideration "may *not* be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation." Id. (internal quotation and citation omitted). Moreover, "[m]otions for

---

[1] The Court's order was entered March 31, 2019, and the parties filed their motions for reconsideration on May 24, 2019 and June 7, 2019, respectively—way past the twenty-eight day deadline. However, the Court construes the motions as Rule 60(b) motions, and accordingly finds that they are timely filed. See Am. Ironworks & Erectors, Inc. v. N. Am. Const. Corp, 248 F.3d 892, 898–99 (9th Cir. 2001) (untimely filed motion for reconsideration is treated as Rule 60(b) motion for relief from a judgment or order when untimely filed).

reconsideration are disfavored. A movant must not repeat arguments already presented unless (and only to the extent) necessary to explain controlling, intervening law or to argue new facts. A movant who repeats arguments will be subject to appropriate sanctions." LR 59-1.

## IV. DISCUSSION

In the Court's March 31, 2019 Order, the Court found that while there was no genuine dispute of material fact as to whether or not Carrington's predecessor-in-interest tendered payment to the HOA trustee, there was a genuine issue of fact as to whether or not SFR was a bona fide purchaser. Accordingly, the Court granted and denied both Carrington and SFR's motions for summary judgment in part. Carrington files a motion for partial reconsideration of the Court's determination that whether SFR was a bona fide purchaser was a question of fact for trial.

The Court corrects its prior order to the extent that it implied that whether SFR was a bona fide purchaser is a material fact. The Nevada Supreme Court, the Ninth Circuit, and this Court have all held that whether the buyer was a bona fide purchaser is irrelevant to the analysis. Bank of America, N.A. v. SFR Invs. Pool 1, LLC ("Diamond Spur"), 427 P.3d 113, 121 (Nev. 2018) ("A party's status as a BFP is irrelevant when a defect in the foreclosure proceeding renders the sale void."); Nationstar Mortg. LLC v. Saticoy Bay LLC Series 8920 El Diablo, 788 F.App'x 423 (9th Cir. 2019) ("Under Diamond Spur, Saticoy Bay's purported status as a bona fide purchaser is therefore "irrelevant."); Bank of New York Mellon v. Willow Creek Community Ass'n, No. 2:16-cv-00717-RFB-BNW, 2019 WL 4677009 at * 1, * 5 (D. Nev. Sept 25, 2019) ("The Court again relies on the Nevada Supreme Court's holding in Diamond Spur that a party's status as a bona fide purchaser is irrelevant when a defect in a foreclosure proceeding renders the sale void.").

Accordingly, the Court clarifies that tender by Carrington's predecessor-in-interest operated to preserve its deed of trust on the property.

The Court rejects SFR's motion for reconsideration of the Court's ruling on the applicable statute of limitations and Carrington's standing to enforce the deed of trust. SFR has identified no intervening controlling authority on either question, and therefore the Court declines to revisit either issue as it does not find that the Court committed clear legal error.

**V.      CONCLUSION**

**IT IS ORDERED** that Plaintiff Carrington Mortgage Services LLC's Motion for Partial Reconsideration (ECF No. 77) is GRANTED. The Court declares that Defendant SFR Investments Pool 1, LLC acquired the property subject to the deed of trust.

**IT IS FURTHER ORDERED** that the certificate of cash deposit (ECF No. 18), plus any accrued interest, be returned to its Legal Owner.

**IT IS FURTHER ORDERED** that Defendant SFR Investments Pool 1, LLC Countermotion for Reconsideration (ECF No. 79) is DENIED.

**IT IS FURTHER ORDERED** that the notice of lis pendens (ECF No. 2) is expunged.

The Clerk of the Court is instructed to enter judgment in favor of Plaintiff Carrington Mortgage Services LLC and to close the case.

DATED March 24, 2020.

_____
**RICHARD F. BOULWARE, II**
**UNITED STATES DISTRICT JUDGE**